**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF FLORIDA**

WILLIAM MILLER III,

**Plaintiff,**

v.

PORTFOLIO RECOVERY ASSOCIATES LLC.,

**Defendant.**

_______________________________________/

## AMENDED COMPLAINT

Plaintiff William Miller III ("Plaintiff") sues Defendant Portfolio Recovery Associates LLC ("Defendant") for violations of the Fair Debt Collection Practices Act ("FDCPA") and Florida Consumer Collection Practices Act ("FCCPA").

## JURISDICTION AND VENUE

1. This Court has federal question subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1331, as the action arises under the FDCPA.

2. Supplemental jurisdiction exists for the FCCPA claims under to 28 U.S.C. §1367.

3. This Court has personal jurisdiction over Defendant because Defendant is operating, present, and/or doing business within this jurisdiction and because the complained of conduct of Defendant occurred within Broward County, Florida.

4. Venue of this action is proper in this Court because, the cause of action alleged below arose in Broward County, Florida.



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

## PARTIES

5. Plaintiff is a natural person, and a citizen of the State of Florida, residing in Broward County, Florida.

6. Defendant is a Delaware limited liability company, with its principal place of business located in Norfolk, Virginia.

## DEMAND FOR JURY TRIAL

7. Plaintiff, respectfully, demands a trial by jury on all counts and issues so triable.

## FACTUAL ALLEGATIONS

8. On a date better known by Defendant, Defendant began attempting to collect an alleged debt (the "Consumer Debt") from Plaintiff.

9. The Consumer Debt is an obligation allegedly had by Plaintiff to pay money arising from a transaction between the creditor of the Consumer Debt and Plaintiff (the "Subject Service").

10. The Subject Service was primarily for personal, family, or household purposes.

11. Defendant is a business entity engaged in the business of soliciting consumer debts for collection.

12. Defendant is a business entity engaged in the business of collecting consumer debts.

13. Defendant regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due.

14. Defendant is registered with the Florida Office of Financial Regulation as a "Consumer Collection Agency."

15. Defendant maintains all the records specified in Rule 69V-180.080, Florida Administrative Code.


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

16. The records specified by Rule 69V-180.080, Florida Administrative Code, of which Defendant does maintain, are current to within one week of the current date.

17. For example, Defendant does not maintain and keep updated within seven (7) days the records required by, *inter alia*, Florida Administrative Code Rule 180.080(1), (3), (6), (7), (9), (10), and (11).

18. Further, Defendant has written policies and procedures for the secure handling of all consumer documents and information received in the course of collecting a debt from a consumer as required by Rule 69V-180.090(2).

19. Defendant is a "debt collector" within the meaning of 15 U.S.C. § 1692a(6).

20. Defendant is a "person" within the meaning of Fla. Stat. § 559.72.

**The Communications**

21. On a date better known by Defendant, Defendant began attempting to collect on the Consumer Debt via a collection communication. (the "Initial Collection Communication").

22. On or about October 29, 2025, Plaintiff verbally told Defendant to stop contacting Plaintiff.

23. The "Stop Request" is attached as "Exhibit A."

24. Upon information and belief, the Stop Request was delivered on October 29, 2025.

25. Upon receipt of the Stop Request, Defendant knew that it could not communicate with Plaintiff directly in connection with the collection of the Consumer Debt.

26. On or about October 31, 2025, despite knowing that Plaintiff had requested Defendant to stop contacting him, Defendant sent Plaintiff approximately one (1) collection communication in attempt to collect the Consumer Debt. (the "Subsequent Collection Communication").



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

27. The Initial Collection Communication, and the Subsequent Collection Communication are collectively referred to as the "Subject Communications."

**COUNT I**
**VIOLATION OF 15 U.S.C. § 1692c(c)**

28. Plaintiff incorporates by reference paragraphs 1-27 of this Amended Complaint as though fully stated herein.

29. Pursuant to 15 U.S.C. § 1692c(c), "if a consumer notifies a debt collector in writing that the consumer wishes the debt collector to *cease further communication* with the consumer, the debt collector *shall not communicate further* with the consumer with respect to such debt" (emphasis added).

30. On or about October 29, 2025, Defendant was notified via telephone that Plaintiff requested Defendant to stop contacting him with respect to the debt.

31. The Stop Request: "Please stop contacting me"

32. Defendant knew Plaintiff requested Defendant to stop contacting Plaintiff. Despite knowing this, Defendant communicated and/or contacted Plaintiff, by and through the Subject Communications, in connection with the collection of the Consumer Debt.

33. Accordingly, Defendant violated 15 U.S.C. § 1692c(c) by communicating directly with Plaintiff in connection with the collection of the Consumer Debt via the Subject Communications.

34. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided by 15 U.S.C. §1692k;

(b) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and



LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

(c) Any other relief that this Court deems appropriate under the circumstances.

**COUNT II**
**VIOLATION OF 15 U.S.C. § 1692d**

35. Plaintiff incorporates by reference paragraphs 1-27 of this Amended Complaint as though fully stated herein.

36. Pursuant to 15 U.S.C. § 1692d, "A debt collector may not engage in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt…"

37. On or about October 29, 2025, Defendant was notified via telephone that Plaintiff requested Defendant to stop contacting him with respect to the debt.

38. The Stop Request: "Please stop contacting me"

39. Defendant knew Plaintiff requested Defendant to stop contacting Plaintiff. Despite knowing this, Defendant communicated and/or contacted Plaintiff, by and through the Subject Communications, in connection with the collection of the Consumer Debt.

40. Accordingly, Defendant violated 15 U.S.C. § 1692d by harassing Plaintiff in connection with the collection of the Consumer Debt via the Subject Communications.

41. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(d) Statutory damages as provided by 15 U.S.C. §1692k;

(e) Costs and reasonable attorneys' fees pursuant to 15 U.S.C. §1692k; and

Any other relief that this Court deems appropriate under the circumstances.


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

**COUNT III**
**VIOLATION OF FLA. STAT. § 559.72 (7)**

42. Plaintiff incorporates by reference paragraphs 1-27 of this Amended Complaint as though fully stated herein.

43. Section 559.72, Fla. Stat., of the FCCPA contains nineteen subsections and otherwise codifies an extensive list of acts and/or omissions. Accordingly, in collecting consumer debts, pursuant to the FCCPA, no person shall: "[w]willfully *communicate with the debtor* or any member of her or his family with such frequency as can reasonably be expected to harass the debtor or her or his family, or *willfully engage in other conduct which can reasonably be expected to abuse or harass the debtor* or any member of her or his family." Fla. Stat. § 559.72(7) (emphasis added).

44. As stated above, Defendant knew Plaintiff had revoked any consent Defendant had to communicate with Plaintiff and that Defendant was not to contact Plaintiff. As of October 29, 2025. Defendant knew it could not communicate with Plaintiff in connection with the Consumer Debt.

45. Despite knowing this, Defendant communicated and/or contacted Plaintiff, by and through the Subject Communications, in connection with the collection of the Consumer Debt.

46. In doing so, Defendant willfully communicated with Plaintiff in such a way that can be reasonably expected to harass or abuse Plaintiff. As such, by and through the Subject Communications, Defendant violated Fla. Stat. § 559.72(7).

47. WHEREFORE, Plaintiff, respectfully, requests this Court to enter a judgment against Defendant, awarding Plaintiff the following relief:

(a) Statutory damages as provided by Fla. Stat. § 559.72(7);


LAW OFFICES OF JIBRAEL S. HINDI, PLLC
1515 NE 26th Street, | Wilton Manors, Florida 33305 | Phone (813) 340-8838 | Fax (855) 529-9540
www.JibraelLaw.com

(b) Costs and reasonable attorneys' fees pursuant to Fla. Stat. § 559.72(7); and

(c) Any other relief that this Court deems appropriate under the circumstances.

DATED: January 6, 2026

Respectfully Submitted,

/s/ Mitchell D. Hansen
**MITCHELL D. HANSEN, ESQ.**
Florida Bar No.: 1065929
E-mail: mitchell@jibraellaw.com
**GERALD D. LANE, JR., ESQ.**
Florida Bar No.: 1044677
E-mail: gerald@jibraellaw.com
**ZANE C. HEDAYA, ESQ.**
Florida Bar No.: 1048640
E-mail: Zane@jibraellaw.com
The Law Offices of Jibrael S. Hindi
1515 NE 26th Street,
Wilton Manors, Florida 33305
Phone: 813-340-8838

*COUNSEL FOR PLAINTIFF*